1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOE HAND PROMOTIONS, INC.,              )   Case No.: 1:10-cv-02388 LJO JLT
                                            )
12                   Plaintiff,             )   ORDER ADOPTING THE FINDINGS AND
                                            )   RECOMMENDATIONS DENYING
13            v.                            )   PLAINTIFF'S MOTION FOR DEFAULT
                                            )   JUDGMENT
14                                          )
     ANN MARIE CLIFTON and SERGIO           )   (Doc. 27)
15   ANDRADE, individually and doing business as )
     PLAYHOUSE LOUNGE,                      )
16                                          )
                     Defendants.            )
17   _____ )

18          Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") sought the entry of default judgment against

19   Defendant Sergio Andrade.[1]  (Doc. 12).  On September 27, 2011, the Magistrate Judge

20   recommended Plaintiff's motion for default judgment be denied.  (Doc. 27).  Plaintiff filed timely

21   objections to Findings and Recommendations on October 17, 2011.  (Doc. 11).

22   **I.   Findings of the Magistrate Judge**

23          The Magistrate Judge found several factors set forth by the Ninth Circuit in <u>Eitel v. McCool</u>

24   for the entry of default judgment weighed against entry of default judgment.  (Doc. 27 at 3-7).  First,

25   the Magistrate Judge found Plaintiff is not prejudiced if default judgment is not granted at this time,

26   _____

27          [1] The motion filed by Plaintiff sought the entry of default against defendants Ann Marie Clifton and Sergio Andrade.
     However, on September 27, 2011, the Court issued an order setting aside the entry of default against Ms. Clifton (Doc. 26),
28   and the Magistrate Judge proceeded to evaluate the motion only to Mr. Andrade.

1

1   because Plaintiff has an opportunity to litigate the case on its merits.  Second, the Magistrate Judge

2   found that Plaintiff sufficiently stated claims for conversion and a violation of the Federal

3   Communications Act of 1934 (arising in 47 U.S.C. § 605(a)).  Third, in considering the sum of

4   money at stake, the Magistrate Judge found factor weighed against the entry of default judgment

5   given the substantial amount sought and the apparent concession by Plaintiff that the amount of

6   damages requested was not tailored to the specific act of the broadcast at The Playhouse Lounge.

7   Fourth, the Magistrate Judge found that there is a possibility of dispute of material facts because Ms.

8   Clifton appeared to defend in the action.  Finally, the Magistrate Judge found that it was unlikely that

9   the entry of default by the Clerk of Court was not the result of excusable neglect.  See Shanghai

10  Automation Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

11          In addition to weighing the Eitel factors, the Magistrate Judge noted "the question arises as to

12  whether the Court has the discretion to enter default judgment against less than all of the defendants"

13  because Ms. Clifton remains to defend.  (Doc. 27 at 8).  The Magistrate Judge observed that the

14  Federal Rules of Civil Procedure direct the entry of final judgment "only if the court expressly

15  determines that there is no just reason for delay." (Id.) (quoting Fed. R. Civ. P 54(b)).  The

16  Magistrate Judge found that if the allegations of Plaintiff's Complaint were true, the liability of the

17  defendants would be uniform and the relief offered must be consistent.  (Id.)  As a result, the

18  Magistrate Judge concluded there was a just reason for delay in the entry of default judgment "given

19  the overlapping nature of the claims as to different defendants" (Id.) (quoting SEC v. Loomis, 2010

20  U.S. Dist. LEXIS 87021, at *12-13 (E.D. Cal. Aug. 24, 2010)).

21  **II.  Plaintiff's Objections**

22          Plaintiff filed objections to the Findings and Recommendation, asserting: "Plaintiff objects to

23  1) the determination that the presence of a second Defendant . . . precludes the entry of default

24  judgment against Defendant Andrade. . . and 2) the determination that certain Eitel v. McCool

25  factors were not satisfied."  (Doc. 32 at 3).

26          Plaintiff contends there is no potential incongruity, and that "uniformity of liability is not

27  necessary."  (Id. at 7).  Plaintiff argues that although the company "seek[s] to hold both Defendants

28  liable through its Complaint, this is not a dispositive factor."  (Id.)  Further, Plaintiff asserts "there

2

1  can be no reasonable argument that the liability of the two Defendants is intertwined.  If it is possible

2  that one defendant may be liable and the other not, or that defendants may be liable under different

3  theories, both possibilities of which are present herein, default judgment under Rule 54(b) is

4  permissible."  (Id. at 7-8).

5       With regard to the Eitel factors, Plaintiff asserts the Magistrate Judge erred in finding certain

6  factors were not satisfied.  (Doc. 32 at 8-9).  Plaintiff asserts it is prejudiced because "Plaintiff has an

7  opportunity to litigate the matter against Defendant Clifton, not Defendant Andrade."  (Id. at 9).  In

8  addition, Plaintiff argues the sum of money at stake does not weigh against entry of default judgment

9  because the Court has the discretion to award less than the amount sought.  (Id.)  Finally, Plaintiff

10  asserts, "The fact that Defendant Clifton may or may not be held liable does not impact the liability

11  of Defendant Andrade.  There is no possibility of dispute with respect to him; Defendant Andrade is

12  liable because the allegations of the Complaint (as to him) are taken as true."  (Id.)

13  **III.  Discussion**

14       First, the Magistrate Judge noted the Court had the discretion to enter default judgment, and

15  that Fed. R. Civ. P. 54(b) allows entry of judgment in fewer than all claims or parties "only if . . .

16  there is no just reason for delay."  (Doc. 27 at 8).  The Magistrate Judge did not determine, as

17  Plaintiff asserts, that the existence of a defendant who remains to defend in the action *precludes* the

18  entry of default judgment.  Upon review of the allegations of Plaintiff's Complaint, the Magistrate

19  Judge determined liability must be consistent for the defendants in the action, and that "the alleged

20  liability of the individual defendants overlaps with the liability as to the entity of the Playhouse

21  Lounge."  (Id.)  Accordingly, the Magistrate Judge determined it was in the interest of justice not to

22  enter default judgment against Mr. Andrade while Ms. Clifton remains to defend.  (Id. at 9) (citing

23  SEC, 2010 U.S. Dist. LEXIS 87021, at *12-13)).

24       Second, Plaintiff has not shown an error regarding the Magistrate Judge's application of the

25  Eitel factors.  Though Plaintiff has the opportunity to litigate the case on its merits against Ms.

26  Clifton and not against Mr. Andrade, the possibility remains Plaintiff may be successful in his

27  litigation against Ms. Clifton.  Importantly, the Magistrate Judge did not recommend that the default

28  judgment be denied with prejudice, and Plaintiff may again seek the entry of default judgment

1   against Mr. Andrade at a later date.  With regard to the sum of money at stake in the action, the

2   Magistrate Judge determined Plaintiff's request was disproportionate to the seriousness of Mr.

3   Andrade's conduct, because a proper license for the broadcast at issue cost $1,100 but Plaintiff

4   sought a reward for $110,000.  That the Court may choose to decrease the award amount does not

5   change proportionality of the amount requested to the alleged wrongful act.  See King v. Nat'l Credit

6   Works, Inc., 2011 U.S. Dist. LEXIS 96951, at *19 (E.D. Cal. Aug. 30, 2011) ("Default judgment is

7   disfavored when a large amount of money . . . is unreasonable in light of the defendant's actions").

8   On the other hand, if the Court chose to enter default judgment and decrease the amount, this factor

9   may not have weighed against Plaintiff, as the Court has determined previously.  See, e.g., J & J

10  Sports Productions, Inc. v. Cal. City Post No. 467, 2011 U.S. Dist. LEXIS 79656 (E.D. Cal. July 21,

11  2011) (finding the amount requested does not weigh against the entry of default judgment, because

12  the Court declined to enter judgment in that amount).

13      In the complaint, Plaintiff alleges both defendants are "an owner, and/or operator, and/or

14  licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control,

15  oversight and management of the commercial establishment doing business as Playhouse Lounge..."

16  (Doc. 1 at 3).  As a result, there is the possibility of dispute of material facts, because in litigating the

17  case on the merits, Ms. Clifton may prove that she was not an owner, and that Mr. Andrade is solely

18  liable for the unlawful broadcast.  However, if Ms. Clifton is unable to establish that she was not an

19  owner of the establishment, both defendants may be liable.  Thus, there is a *possibility* of a dispute

20  regarding material facts in the action, and this fact weighed against the entry of default judgment

21  against Mr. Andrade.

22  **IV.  Conclusion and Order**

23      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley

24  United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of

25  the case.  Having carefully reviewed the entire file, the Court finds that the Findings and

26  Recommendation are supported by the record and by proper analysis.

27  ///

28  ///

4

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendations filed September 27, 2011 (Doc. 27), are **ADOPTED IN FULL**; and

2.   Plaintiff's motion for default judgment against Sergio Andrade is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

**Dated:    October 19, 2011**                    /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE